UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                          Case No. 18-47386

DWAYNE ATKINS,                                  Chapter 13

         Debtor.                                Judge Thomas J. Tucker
_____/

**ORDER DISSOLVING SHOW-CAUSE ORDER, DETERMINING THAT THE DEBTOR IS NOT INELIGIBLE FOR A DISCHARGE IN THIS CHAPTER 13 CASE UNDER 11 U.S.C. § 1328(f), AND CANCELLING AUGUST 2, 2018 SHOW-CAUSE HEARING**

On May 24, 2018, the Court entered an order entitled "Order to Show Cause Why Debtor is Entitled to a Discharge" (Docket # 10, the "Show-Cause Order"), which provided, in relevant part:

> **IT IS ORDERED** that, unless the Debtor(s) agree that he/she is not entitled to a discharge, the Debtor(s) and attorney for the Debtor(s) appear before this Court on August 2, 2018 at 2:00 p.m. in Courtroom 1925, and show cause why the Debtor(s) is entitled to a discharge in view of 11 U.S.C. § 1328(f).

Later on May 24, 2018, the Debtor filed an amended Chapter 13 Plan in which the Debtor checked the box at Paragraph II.D on page 2, which states that "if the box to the immediate left is 'checked,' the debtor acknowledges that debtor is not eligible for a discharge pursuant to 11 U.S.C. § 1328" (Docket # 11).

Despite the Debtor's statement in the Chapter 13 Plan, the Court concludes that under 11 U.S.C. § 1328(f),[1] the Debtor is *not* ineligible for a discharge in this Chapter 13 case.

---

[1] Section 1328(f) provides:

> (f) Notwithstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge--
>
> (1) in a case filed under chapter 7, 11, or 12 of this title during the 4-year period preceding the date of the order for relief under this chapter, or
>
> (2) in a case filed under chapter 13 of this title during the 2-year period preceding the date of such order.

11 U.S.C. § 1328(f).

The Debtor received a discharge in Case No. 15-55603 on July 18, 2017. The voluntary petition in that case was filed under Chapter 13 on October 26, 2015. The Chapter 13 case was converted to Chapter 7 on March 10, 2017, and the Debtor later received a discharge under Chapter 7 in that case. But because Case No. 15-55603 was originally filed under Chapter 13, the 2-year look-back period in 11 U.S.C. § 1328(f)(2), rather than the 4-year look-back period in § 1328(f)(1), applies in this Chapter 13 case. The Court concludes this for the reasons stated, and based on the authorities cited, in the Court's August 6, 2015 bench opinion given in the case of *In re Hohendorf*, Case No. 15-46884 (Docket ## 38, 42 in Case No. 15-46884). The Court attaches a transcript of that bench opinion to this Order, for reference.

Since the voluntary petition in Case No. 15-55603 was filed on October 26, 2015, it was not filed "during the 2-year period preceding the date" of the order for relief in the current case (May 21, 2018 (*see* 11 U.S.C. § 301(b)). Because the Debtor "received a discharge . . . in a case that was filed under [C]hapter 13" more than 2 years before the Debtor filed her current Chapter 13 case, the Debtor is eligible for a discharge in this Chapter 13 case.

Accordingly,

IT IS ORDERED that:

1. The Show-Cause Order (Docket # 10) is dissolved.

2. The Court determines that the Debtor is not ineligible for a discharge in this Chapter 13 case under 11 U.S.C. § 1328(f).

3. The hearing on the Show-Cause Order, scheduled for August 2, 2018 at 2:00 p.m., is cancelled.

**Signed on May 29, 2018**



/s/ Thomas J. Tucker

**Thomas J. Tucker**
**United States Bankruptcy Judge**

```
                   UNITED STATES BANKRUPTCY COURT
                    EASTERN DISTRICT OF MICHIGAN
                          SOUTHERN DIVISION

IN RE:                         .      Case No. 15-46884
                               .      (tjt)
PAUL A. HOHENDORF and          .
COLLEEN M. HOHENDORF,          .      Detroit, Michigan
                               .      August 6, 2015
             Debtors.          .
. . . . . . . . . . . . . . . .

    ORDER TO SHOW CAUSE WHY DEBTOR IS ENTITLED TO A DISCHARGE
           BEFORE THE HONORABLE THOMAS J. TUCKER
        TRANSCRIPT ORDERED BY:   HON. THOMAS J. TUCKER

APPEARANCES:
For the Debtors:          By: STEPHEN RAMADAN
                          22201 Harper Avenue
                          St. Clair Shores, MI 48080-1865
                          (586) 441-3239


For the Trustee:          Office of the Chapter 13 Trustee
                          By: KIMBERLY J. SHORTER-SIEBERT
                          535 Griswold Street, Suite 2100
                          Detroit, MI 48226-3681
                          (313) 237-1725

Court Recorder:           MS. JAMIE LASKASKA


Transcribed By:           MS. KRISTEN SHANKLETON




Proceedings recorded by electronic sound recording.
Transcript prepared by transcription service.
```

_____
MODERN COURT REPORTING & VIDEO, LLC
101-A North Lewis Street
Saline, Michigan 48176
(734) 429-9143

1    (Proceedings commenced at 2:57 p.m.)
2            MS. SHORTER-SIEBERT:  The next matter is Paul and
3    Colleen Hohendorf, 15-46884.  This matter is before the
4    Court in the Court's order to show cause why the Debtor is
5    entitled to a discharge.
6            MR. RAMADAN:  Good afternoon, Your Honor.  Steve
7    Ramadan appearing on behalf of the Debtors.
8            THE COURT:  All right.
9            Good afternoon, Mr. Ramadan.
10           I read the written response that you filed to the
11   show cause order on July 24, Docket Number 33, and I was
12   able actually to have my law clerk do a bit of research on
13   the argument you make in that written response.  And I
14   have, before today's hearing I've managed to review the
15   cases that you cite in your written response, including the
16   Hamilton case, the Wilkinson case, as well as the, some of
17   the cases that go the other way, the opposite way of the
18   arguments you're making here -- you're making.
19           So the short of it is, I agree with you.  And I
20   agree that in this case Section 1328(f)(1) does not apply;
21   does not make the Debtors ineligible for a discharge in
22   this Chapter 13 case, and I'm going to so order.
23           Now, so you're right in my view, and it's -- it's
24   -- I'll say though for the record that my reasons for
25   concluding this are based upon what I view to be the plain,

1  unambiguous meaning of the language in Section 1328(f)(1)
2  and 1328(f)(4), and the clear fact that the Debtors' prior
3  case in which they obtained a discharge, a Chapter 7
4  discharge, was -- must be deemed a case filed under Chapter
5  13 rather than a case filed under Chapter 7 because of the
6  -- when the case was filed it was a Chapter 13 petition and
7  case.  The later conversion of the case to Chapter 7 is
8  immaterial with respect to this issue, and I agree with
9  you, and I am persuaded by the reasoning and authorities
10 cited in the Hamilton case that you have cited, In re:
11 Hamilton, 383 B.R. 469, a decision of the Bankruptcy Court
12 for the Western District of Arkansas from 2008; and the
13 Wilkinson case, In re: Wilkinson, which apparently is an
14 unpublished case that you attached, I think you attached to
15 your written response, which is a decision from April 4,
16 2014 out of the Bankruptcy Court for the District of
17 Kansas.
18      The cases that disagree with my conclusion, your
19 argument, and the conclusions of the Hamilton, Wilkinson
20 courts in my view, are not persuasive, and I'm not
21 persuaded by them, and I think they're wrongly decided.
22      I wanted to note one other thing.  I have
23 considered in deciding this issue, I have considered a
24 decision of the U.S. Court of Appeals for the Sixth Circuit
25 that I just want to mention for the record, and that's the

1  Sixth Circuit's decision in the case of <u>Krispen Carroll v.
2  Jason Sanders</u>, <u>In re: Sanders</u>, 551 F.3d at 397, a Sixth
3  Circuit decision from 2008.
4           The reason I mention that case is because at pages
5  399 to 400 of the Sixth Circuit's opinion there is some
6  language, especially on page 400 that, read in isolation
7  and without considering the issues before the Sixth Circuit
8  in that case, could be construed as being inconsistent with
9  the ruling that I'm making today, and inconsistent with the
10 argument the Debtor has made in the written response to the
11 show cause order, and that is the language on page -- 551
12 F.3d at 400, the Sixth Circuit's decision where the Court
13 says, quote, in discussing Section 1328(f), it says, quote:
14      "The upshot is this: A debtor may not receive a
15       discharge under chapter 13 if he already received a
16       discharge under chapter 7 and the two cases were filed
17       less than four years apart."  Unquote.
18          I think that language has to be considered in
19 light of the issue, and the only issue that's before the
20 Sixth Circuit in the <u>Sanders</u> case, which is different from
21 the issue before me now.
22          The issue in the <u>Sanders</u> case was this: whether in
23 applying Section 1328(f)(1) the Court must measure the
24 four-year period referred to in that section from the date
25 of the petition filed in the prior Chapter 7 case, or from

5

1  the date of the discharge that was entered in the prior
2  Chapter 7 case. The Sixth Circuit decided the date to be
3  used is the petition date in the prior case. The case, the
4  Sanders case did not involve the issue here because it --
5  involved in this case because it did not involve a case
6  where the Debtors' prior case had been filed under a
7  Chapter -- under Chapter 13 and converted to Chapter 7
8  before a Chapter 7 discharge was entered, as is the case
9  here in the Hohendorf case; rather, it was a case where the
10 Debtor had filed a petition under Chapter 7, obtained a
11 Chapter 7 discharge, and then more than four years after
12 the petition date in the Chapter 7 case, but less than four
13 years after the date of the discharge order in the Chapter
14 7 case, the Debtor filed a Chapter 13 case. So the issue -
15 - that was the situation presented in Sanders. There was
16 no conversion of the prior case; it was a Chapter 7 case
17 from beginning to end in which the Debtor obtained a
18 discharge. So it clearly fit within the language of
19 Section 1328(f)(1), the case where the Debtor had received
20 a discharge in a case filed under Chapter 7. And so
21 Sanders did not address in my view at all the issue before
22 me today.
23         The present case, of course, as you point out in
24 your written response, is a case in which the Debtors filed
25 a Chapter 13 case, it was a case filed under Chapter 13,

```
 1   and therefore in my view Section 1328(f)(2) applies rather
 2   than 1328(f)(1) as you have argued.  And the case was later
 3   converted to Chapter 7 and then the Debtor received a
 4   discharge under Chapter 7.  And so in that case I agree
 5   with you that Section 1328(f)(2) rather than (f)(1)
 6   applies, and this Chapter 13 case current one was filed
 7   more than two years after the prior case was filed under
 8   Chapter 13.
 9           So there's no eligibility for discharge problem in
10   this case, and I agree with the Debtors on that point.
11           As I said, I'm going to prepare and enter an order
12   that reflects this ruling.
13           Now Mr. Ramadan, I haven't let you say anything,
14   but you're permitted.  So do you want to say anything?
15           MR. RAMADAN:  No, Your Honor.  Thank you.
16           THE COURT:  You took the trouble to sit here and
17   listen to all these other hearings before I got to you, and
18   I didn't -- I wasn't able to decide, review everything and
19   decide how I was going to rule on this until this morning,
20   and so I wasn't able to enter an order canceling the
21   hearing and ruling.  I wanted to -- I wanted to give at
22   least a brief bench opinion on this issue anyway today, so
23   I went ahead and kept the hearing on.
24           So, as I said, I'll prepare and enter an order
25   reflecting this ruling, and that's -- that's it.  Thank
```

```
1  you.
2           MR. RAMADAN:  Thank you, Your Honor.
3           (Proceedings concluded at 3:05 p.m.)
4
```

```
 1
 2
 3
 4
 5
 6  We certify that the foregoing is a correct transcript from
 7  the electronic sound recording of the proceedings in the
 8  above-entitled matter.
 9
10  /s/Kristen Shankleton, CER-6785       Dated: 08/11/15
11  Jamie Laskaska
```